UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE M. YOUNG,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DEPUTY SHERIFF CHAD FICKETT (0277); SERGEANT JOSEPH BARRY (4722); DEPUTY SHERIFF ALEJANDRO SILVA (0248); DEPUTY SHERIFF MICHAEL CRUZ (5622); DEPUTY SHERIFF DANIEL GUTIERRAZ (7441); and DEPUTY SHERIFF CLAUDIA VALENCIA (unknown),<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-02441-H-AHG<br><br>**ORDER DENYING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>[Doc. No. 3.] |

On February 24, 2021, Defendant County of San Diego filed a motion to dismiss Plaintiff Joe M. Young's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 3.) On March 15, 2021, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 4.) On March 22, 2021, Defendant filed its reply. (Doc. No. 5.) A hearing on the motion is currently scheduled for Monday, March 29, 2021. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the

motion on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Defendant County of San Diego's motion to dismiss.

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. On or about December 21, 2019, at approximately 2:00 a.m., Plaintiff's son, a minor, was riding in a car with some friends after having gone to see a movie. (Doc. No. 1, Compl. 14.) The car was stopped in Imperial Beach California, at a routine DUI checkpoint that was being conducted by the San Diego County Sheriff. (Id.) Plaintiff's son and the other occupants of the car were detained because they were minors in public after curfew, and the driver of the car was driving without possession of a driver's license. (Id. ¶ 15.)

Representatives of the San Diego County Sheriff called Plaintiff, woke him up, and informed him that his son had been detained and that Plaintiff should come to the DUI checkpoint to retrieve his son. (Id. ¶ 16.) Plaintiff left immediately to pick up his son, but Plaintiff forgot his driver's license. (Id. ¶ 17.)

Upon arriving at the DUI checkpoint, Plaintiff spoke to the deputy sheriffs at the scene, and they told him that he could not take his son because he did not have any photo identification on his person. (Id. ¶ 18.) Plaintiff alleges that one or more of the officers began to question Plaintiff's son in a threatening, menacing, and accusatory tone. (Id. ¶ 19.) Plaintiff told his son that he did not need to answer any questions. (Id.) Upon telling his son this, one or more of the officers told Plaintiff that he was under arrest and told him to place his hands behind his back. (Id. ¶ 20.) Plaintiff asked why he was being arrested, and he was told it was because he was interfering with the officers. (Id. ¶ 21.)

Thereafter, one of the Officer Defendants discharged his taser at Plaintiff striking Plaintiff in his thigh near his pants pocket and causing a lighter to explode that was in the pocket. (Id. ¶¶ 22-23.) The Officer Defendants had to stomp out the fire. (Id. ¶ 23.) The Officer Defendants then tackled Plaintiff, forcing him to the ground. (Id. ¶ 24.) One of the Officer Defendants discharged a taser again directly into Plaintiff's back. (Id.)

Subsequently, Plaintiff was taken to jail, then to the hospital to treat his injuries and burns, and then back to jail. (Id. ¶ 25.) Plaintiff's wife was called to retrieve her son. (Id. ¶ 27.) The Officer Defendants allowed Plaintiff's wife to take Plaintiff's son without checking her photo identification. (Id. ¶ 28.) Eventually, Plaintiff was released on bail, and the charges against him were subsequently dismissed. (Id. ¶ 29.)

On December 15, 2020, Plaintiff filed a complaint against Defendants County of San Diego, Deputy Sheriff Chad Fickett, Sergeant Joseph Barry, Deputy Sheriff Alejandro Silva, Deputy Sheriff Michael Cruz, Deputy Sheriff Daniel Gutierrez, and Deputy Sheriff Claudia Valencia, alleging claims for: (1) violation of 42 U.S.C. § 1983, unlawful arrest; (2) violation of 42 U.S.C. § 1983, excessive force; (3) false arrest/false imprisonment; (4) negligence; (5) violation of the Ralph Act, California Civil Code § 51.7; and (6) violation of the Bane Act, California Civil Code § 52.1. (Doc. No. 1, Compl.) In the complaint, Plaintiff asserts all of the causes of action against the Officer Defendants; but Plaintiff only asserts the four state law causes of action against Defendant County of San Diego. (See id. ¶¶ 30-73.) By the present motion, Defendant County of San Diego moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the causes of action asserted against it for failure to state a claim. (Doc. No. 3-1.)

## Discussion

### I. Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus, 623 F.3d at 1003 (9th Cir. 2010).

///

///

///

II. Analysis

    A.    Plaintiff's Claim for Negligence

In the complaint, Plaintiff alleges a claim for negligence against Defendant County of San Diego. (Doc. No. 1, Compl. ¶¶ 48-53.) Under California law, the elements of a claim for negligence are: (1) a legal duty to use due care, (2) a breach of such legal duty, and (3) the breach as the proximate or legal cause of the resulting injury. Vasilenko v. Grace Fam. Church, 3 Cal. 5th 1077, 1083 (2017); Beacon Residential Cmty. Assn. v. Skidmore, Owings & Merrill LLP, 59 Cal. 4th 568, 573 (2014). "The existence of a duty is a question of law." Vasilenko, 3 Cal. 5th at 1083.

Defendant argues that Plaintiff's negligence claim should be dismissed because Plaintiff has failed to adequately allege that the individual Officer Defendants owed him a duty to use reasonable care. (Doc. No. 3-1 at 4-5.) Under California law, public employees "are statutorily liable to the same extent as private persons for injuries caused by their acts or omissions, subject to the same defenses available to private persons." Hayes v. Cnty. of San Diego, 57 Cal. 4th 622, 628–29 (2013) (citing Cal. Gov. Code § 820). "Also, public entities are generally liable for injuries caused by the negligence of their employees acting within the scope of their employment." Id. (citing Cal. Gov. Code § 815.2). Further, "'[u]nder California law, police officers have a duty not to use excessive force.'" Lawrence v. City & Cty. of San Francisco, 258 F. Supp. 3d 977, 999 (N.D. Cal. 2017) (quoting Warren v. Marcus, 78 F. Supp. 3d 1228, 1251 (N.D. Cal. 2015)); see Mann v. City of Chula Vista, No. 18-CV-2525-WQH-MDD, 2020 WL 5759749, at *9 (S.D. Cal. Sept. 28, 2020) (Under California law, "[p]olice officers owe 'a duty to use reasonable care' in deciding whether to use and in fact using force."); see also Hayes v. Cty. of San Diego, 57 Cal. 4th 622, 629 (2013) ("This court has long recognized that peace officers have a duty to act reasonably when using deadly force.").[1]

---

[1] In its motion, Defendant argues that the California Supreme Court's decision in Hayes is limited to "only deadly use-of-force cases." (Doc. No. 3-1 at 5.) The Court acknowledges that in Hayes, the California Supreme Court expressly stated that "peace officers have a duty to act reasonably when using

Here, Plaintiff alleges that the Officer Defendants used excessive force against him during the incident at issue.[2]  (See Doc. No. 1, Compl. ¶¶ 22-25, 35-39.)  These allegations are sufficient to satisfy the duty element of Plaintiff's negligence claim at the pleading stage.  See Hofer, 2019 WL 4575389, at *18 ("Because Plaintiffs have plausibly alleged a Section 1983 excessive force claim, their negligence claim premised on the same conduct survives.").

Defendant also argues that Plaintiff's negligence claim should be dismissed because Plaintiff fails to make any particular factual allegations as to any particular defendant.  (Doc. No. 3-1 at 5.)  Defendant notes that the majority of Plaintiff's allegations reference "one or more Officer Defendants" or just generally all "Defendants."  (Id. at 2.)  In response, Plaintiff argues that its allegations are sufficient and that exactly which officer committed which specific act is a matter for discovery, not pleading.  (Doc. No. 4 at 5-6.)

In the complaint, Plaintiff identifies each of the individual Officer Defendants by name and provides a badge number for all but one of them.  (See Doc. No. 1, Compl. ¶¶ 1, 5-10.)  In addition, the complaint provides detailed factual allegations regarding the circumstances of the incident at issue.  (See id. ¶¶ 14-29.)  These allegations are sufficient to provide Defendant County of San Diego with fair notice of the factual grounds upon which Plaintiff's negligence claim and other claims rest.  See Twombly, 550 U.S. at 555.

Finally, Defendant County of San Diego argues that Plaintiff's negligence claim fails because the Officer Defendants are afforded immunity under California Government Code § 820.2 for discretionary decisions.  (Doc. No. 3-1 at 5.)  Section 820.2 provides that "a

---

deadly force."  Hayes, 57 Cal. 4th at 629.  Nevertheless, courts in California have not limited Hayes's holding to only excessive force cases involving the use of deadly force.  See, e.g., Mann, 2020 WL 5759749, at *9; Taylor v. Cty. of Calaveras, No. 1:18-CV-00760-BAM, 2020 WL 7406527, at *19 (E.D. Cal. Dec. 17, 2020); Hofer v. Emley, No. 19-CV-02205-JSC, 2019 WL 4575389, at *18 (N.D. Cal. Sept. 20, 2019); Legaspi v. City of La Verne, No. B295822, 2020 WL 5057345, at *3 (Cal. Ct. App. Aug. 27, 2020); Hesterberg v. United States, 71 F. Supp. 3d 1018, 1042 (N.D. Cal. 2014).  And Defendant has failed to provide the Court with any authority to the contrary.

[2]  Defendant County of San Diego does not challenge the sufficiency of Plaintiff's excessive force allegations.

public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't. Code § 820.2.  But California Government Code § 820.2 "does not shield from liability government employees who use excessive force in carrying out their duties." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 799 (9th Cir. 2018); see also Robinson v. Solano Cty., 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc) ("Most of the state law claims arise from the allegation that the individual officers used excessive force, and California denies immunity to police officers who use excessive force in arresting a suspect." (citing Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 215 (1991); Scruggs v. Haynes, 252 Cal. App. 2d 256, 264 (1967)).  Here, Plaintiff alleges that the Officer Defendants used excessive force.  (See Doc. No. 1, Compl. ¶¶ 22-25, 35-39.)  As such, the Court declines to dismiss Plaintiff's negligence claim on the basis of California Government Code § 820.2.  In sum, the Court declines to dismiss Plaintiff's claim for negligence.

B.  Plaintiff's Claim for False Arrest/False Imprisonment

In the complaint, Plaintiff alleges a claim for false arrest/false imprisonment against Defendant County of San Diego.  (Doc. No. 1, Compl. ¶¶ 40-47.)  Defendant argues that this claim should be dismissed because based on the facts alleged in the complaint, there was probable cause to arrest Plaintiff.  (Doc. No. 3-1 at 4.)

Under California law, "the tort of false imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time.  A person is falsely imprisoned if he is wrongfully deprived of his freedom to leave a particular place by the conduct of another." Hagberg v. California Fed. Bank, 32 Cal. 4th 350, 373 (2004) (cleaned up).  "Restraint may be effectuated by means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715, 872 P.2d 559, 567 (1994) (citations omitted).  "Under California law, the torts of false arrest and false imprisonment are not separate torts, as false arrest is 'but one way of committing a

false imprisonment.'" Watts v. Cty. of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001) (quoting Asgari v. City of Los Angeles, 15 Cal. 4th 744, 752 n.3 (1997)).

California law "protects a law enforcement officer from liability for false arrest or false imprisonment where the officer, acting within the scope of his or her authority, either (1) effects a lawful arrest or (2) has reasonable cause to believe the arrest is lawful." Cervantes v. United States, 330 F.3d 1186, 1188 (9th Cir. 2003) (citing Cal. Penal Code 847(b)). "California courts speak of 'reasonable cause' and 'probable cause' interchangeably." Cornell v. City & Cty. of San Francisco, 17 Cal. App. 5th 766, 786 (2017). Under California law, "[p]robable cause is shown 'when the facts known to the arresting officer would persuade someone of "reasonable caution" that the person to be arrested has committed a crime.'" People v. Zaragoza, 1 Cal. 5th 21, 57 (2016) (quoting People v. Celis, 33 Cal. 4th 667, 673 (2004)).

The legal standard California courts use "to assess is an objective one in which the subjective motivations of the arresting officers have no role." Cornell, 17 Cal. App. 5th at 779. "Where the facts are not in conflict, the issue of probable cause is a question of law." Id. When, however, the facts that gave rise to the arrest are controverted, a jury must resolve conflicts in the evidence. See Levin v. United Air Lines, Inc., 158 Cal. App. 4th 1002, 1018 (2008) (citing Pool v. City of Oakland, 42 Cal. 3d 1051, 1069 (1986) ("[W]here the evidence is conflicting with respect to probable cause, it [is] the duty of the court to instruct the jury as to what facts, if established, would constitute probable cause. The jury then decides whether the evidence supports the necessary factual findings." (citations omitted))).

Defendant County of San Diego argues that Plaintiff's false imprisonment claim fails because the Officer Defendants had probable cause to arrest Plaintiff for violating California Penal Code § 148. (Doc. No. 3-1 at 4.) California Penal Code § 148 prohibits willfully resisting, delaying, or obstructing an officer in the discharge or attempt to discharge any duty of his office or employment. Cal. Penal Code § 148(a)(1). The elements of the crime are: "(1) the defendant willfully resisted, delayed, or obstructed a

peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." Yount v. City of Sacramento, 43 Cal. 4th 885, 895 (2008) (internal quotation marks omitted). Although "Section 148 is most often applied to the physical acts of a defendant," it "'is not limited to nonverbal conduct involving flight or forcible interference with an officer's activities.'" In re Muhammed C., 95 Cal. App. 4th 1325, 1329 (2002). Nevertheless, Section 148 "must be applied with great caution to speech." People v. Quiroga, 16 Cal. App. 4th 961, 968 (1993); see also Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159, 1174 (9th Cir. 2013) ("[S]ection 148 does not allow [police] 'to use the awesome power which they possess to punish individuals for conduct that is not only lawful, but which is protected by the First Amendment.'" (quoting Muhammed C., 95 Cal. App. 4th at 1330–31)).

Defendant argues that based on the facts alleged in the complaint, the Officer Defendants had reasonable grounds to believe that Plaintiff violated Section 148. (Doc. No. 3-1 at 4; Doc. No. 5 at 4.) In response, Plaintiff argues that the Court should reject Defendant's probable case argument because the argument is not focused on the specific facts that are alleged in his complaint. (Doc. No. 4 at 4-5.) The Court agrees with Plaintiff.

In the complaint, Plaintiff alleges the Officer Defendants detained his son. (Doc. No. 1 Compl. ¶¶ 15-16.) Plaintiff further alleges that when he arrived to pick up his son, he could hear officers questioning his son, and Plaintiff then told his son that he did not need to answer any questions. (Id. ¶¶ 18-19.) Plaintiff alleges that upon telling this to his son and informing him of his rights, the Officer Defendants told Plaintiff that he was under arrest for interfering with officers and to place his hands behind his back. (Id. ¶ 20.)

Defendant fails to provide the Court with a case holding that this specific conduct violates California Penal Code § 148. Cf. Levin, 158 Cal. App. 4th at 1018 (explaining that in a civil action for false arrest, "the defendant has the burden of persuasion to prove that the arrest was justified"). To the contrary, the Court has found at least one case where a district court declined to find that there was probable cause as a matter of law to arrest

the plaintiff for violation of Section 148 where the plaintiff's version of the facts was that he interrupted an interview between an officer and his wife by telling her not to speak to the officer, telling her to go into the house, and pushing her in the direction of the house. See Morin v. Ramos, No. CV 05-4017 JVS (FFM), 2007 WL 1696113, at *4–7 (C.D. Cal. June 8, 2007) ("There can be no doubt that Plaintiff was absolutely entitled to urge his wife not to speak with the police.").

To support its argument, Defendant County of San Diego cites to the cases: In re Muhammed C., 95 Cal. App. 4th 1325 (2002) and People v. Cooks, 58 Cal. Rptr. 550 (App. Dep't Super Ct. 1967).  (Doc. No. 5 at 3-4.)  But both of these cases are distinguishable from the facts alleged in the present complaint.  Muhammed involved a minor who refused police officers' repeated requests that he step away from a patrol car despite acknowledging their orders.  See 95 Cal. App. 4th at 1330.  Cooks involved a bartender who repeatedly advised a patron not to show his identification to a police officer who asked for it during an investigation despite the officer explaining to the bartender the purpose of his presence in the bar and the officer ordering the bartender not to interfere.  See 58 Cal. Rptr. at 551. In contrast, here, there are no allegations that Plaintiff disobeyed any of the officer's orders. The only facts alleged are that Plaintiff advised his son that he did not have to answer the officer's questions, and then the officers arrested Plaintiff.  (Doc. No. 1 Compl. ¶¶ 18-20.) As such, the Court declines to dismiss Plaintiff's claim for false imprisonment.

C. Plaintiff's Ralph Act Claim

In the complaint, Plaintiff alleges a claim for violation of the Ralph Act, California Civil Code § 51.7.  (Doc. No. 1, Compl. ¶¶ 54-61.)  The Ralph Act, California Civil Code § 51.7, provides that "[a]ll persons within [California] have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of [race]."  Cal. Civ. Code §§ 51.7(a), 51(b).  In order to establish a Ralph Act claim, "a plaintiff must show '(1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in

causing the plaintiff's harm.'" Warren v. Marcus, 78 F. Supp. 3d 1228, 1248 (N.D. Cal. 2015); accord Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 880–81 (2007) (citing Judicial Council of California Civil Jury Instructions ("CACI") No. 3023).

Defendant argues that Plaintiff's Ralph Act claim should be dismissed because Plaintiff has failed to allege sufficient facts to satisfy the second element of a Ralph Act claim – that a substantial motivating reason for defendant's conduct was the perception of Plaintiff's race. (Doc. No. 3-1 at 5-6.) Defendant argues that Plaintiff has merely alleged that he is African-American, and the Officers Defendants are not African American. (Id. at 6.) Defendant argues that Plaintiff has failed to allege any specific facts from which it could plausibly be inferred that the Officer Defendants' actions were based on Plaintiff's race. (Id.)

In the complaint, Plaintiff provides specific facts explaining that he is African-American and he was treated differently by the Officer Defendants than his wife, who is not African-American. Specifically, Plaintiff alleges that the Officer Defendants refused to allow Plaintiff to take his son home because he did not have any photo identification, but later allowed Plaintiff's wife to take his son home without checking her photo identification. (Doc. No. 1, Compl. ¶¶ 18, 26-27.) These allegations are sufficient to satisfy the second element of Plaintiff's Ralph Act claim at the pleading stage. As such, the Court declines to dismiss Plaintiff's Ralph Act claim.

D.  Plaintiff's Bane Act Claim

In the complaint, Plaintiff alleges a claim for violation of the Bane Act, California Civil Code § 52.1. (Doc. No. 1, Compl. ¶¶ 62-73.) Defendant argues that this claim should be dismissed because Plaintiff has failed to make any factual allegations concerning threats, intimidation, or coercion. (Doc. No. 3-1 at 6.)

The Bane Act, California Civil Code § 52.1, provides a private cause of action against anyone who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by an individual or individuals of rights secured by the Constitution or laws of the United States, or laws and

rights secured by the Constitution or laws of California." Cal. Civil Code § 52.1(a). Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998); accord Austin B., 149 Cal. App. 4th at 882. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B., 149 Cal. App. 4th at 883 (quoting Jones, Cal. 4th at 334).

Defendant argues that Plaintiff's Bane Act claim should be dismissed because the complaint does not contain any factual allegations of independent threats, intimidation, or coercion by any particular defendant. (Doc. No. 3-1 at 6.) But the Ninth Circuit has engaged in an analysis of California case law on this issue and explained that "in excessive force cases . . . , § 52.1 does not require proof of coercion beyond that inherent in the underlying violation." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018). Here, Plaintiff alleges that the Officer Defendants used excessive force. (See Doc. No. 1, Compl. ¶¶ 22-25, 35-39.) As such, Plaintiff need not allege any facts of independent threats, intimidation, or coercion beyond his excessive force claim. See McAdams v. City of Newport Beach, No. SACV1900615AGKESX, 2019 WL 6736919, at *2 (C.D. Cal. Oct. 2, 2019) ("where the underlying constitutional violation is excessive force . . . , the plaintiff need not allege a separate and distinct act of threat, intimidation, or coercion to succeed on a Bane Act claim"). As a result, the Court declines to dismiss Plaintiff's Bane Act claim.

///
///
///

### Conclusion

For the reasons above, the Court denies Defendant County of San Diego's motion to dismiss. Defendant County of San Diego must file an answer to Plaintiff's complaint within 30 days from the date this order is filed.

**IT IS SO ORDERED.**

DATED: March 22, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT