1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JOE M. YOUNG, | Case No.:  20-cv-02441-H-AHG |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS FICKETT AND GUITERREZ'S PARTIAL MOTION TO DISMISS** |
| v. | |
| COUNTY OF SAN DIEGO; DEPUTY SHERIFF CHAD FICKETT (0277); SERGEANT JOSEPH BARRY (4722); DEPUTY SHERIFF ALEJANDRO SILVA (0248); DEPUTY SHERIFF MICHAEL CRUZ (5622); DEPUTY SHERIFF DANIEL GUTIERREZ (7441); and DEPUTY SHERIFF CLAUDIA VALENCIA (unknown), | [Doc. No. 22.] |
| Defendants. | |

On October 19, 2021, Defendants Deputy Chad Fickett and Deputy Daniel Gutierrez ("the Deputy Defendants") filed a partial motion to dismiss Plaintiff Joe M. Young's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 22.)  On November 8, 2021, Plaintiff filed a response in opposition to the Deputy Defendants' motion to dismiss.  (Doc. No. 24.)  On November 15, 2021, the Deputy Defendants filed their reply.  (Doc. No. 26.)

A hearing on the motion is currently scheduled for Monday, December 6, 2021 at 10:30 a.m.   The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing.   For the reasons below, the Court grants the Deputy Defendants' partial motion to dismiss.

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. On or about December 21, 2019, at approximately 2:00 a.m., Plaintiff's son, a minor, was riding in a car with some friends after having gone to see a movie. (Doc. No. 1, Compl. ¶ 14.)  The car was stopped in Imperial Beach California, at a routine DUI checkpoint that was being conducted by the San Diego County Sheriff. (Id.)  Plaintiff's son and the other occupants of the car were detained because they were minors in public after curfew, and the driver of the car was driving without possession of a driver's license. (Id. ¶ 15.)

Representatives of the San Diego County Sheriff called Plaintiff, woke him up, and informed him that his son had been detained and that Plaintiff should come to the DUI checkpoint to retrieve his son. (Id. ¶ 16.)  Plaintiff left immediately to pick up his son, but Plaintiff forgot his driver's license. (Id. ¶ 17.)

Upon arriving at the DUI checkpoint, Plaintiff spoke to the deputy sheriffs at the scene, and they told him that he could not take his son because he did not have any photo identification on his person. (Id. ¶ 18.)  Plaintiff alleges that one or more of the officers began to question Plaintiff's son in a threatening, menacing, and accusatory tone. (Id. ¶ 19.)  Plaintiff told his son that he did not need to answer any questions. (Id.)  Upon telling his son this, one or more of the officers told Plaintiff that he was under arrest and told him to place his hands behind his back. (Id. ¶ 20.)  Plaintiff asked why he was being arrested, and he was told it was because he was interfering with the officers. (Id. ¶ 21.)

Thereafter, one of the Deputy Defendants discharged his taser at Plaintiff striking Plaintiff in his thigh near his pants pocket and causing a lighter to explode that was in the

20-cv-02441-H-AHG

pocket.  (Id. ¶¶ 22-23.)  The Deputy Defendants had to stomp out the fire.  (Id. ¶ 23.)  The Deputy Defendants then tackled Plaintiff, forcing him to the ground.  (Id. ¶ 24.)  One of the Deputy Defendants discharged a taser again directly into Plaintiff's back.  (Id.)

Subsequently, Plaintiff was taken to jail, then to the hospital to treat his injuries and burns, and then back to jail.  (Id. ¶ 25.)  Plaintiff's wife was called to retrieve her son.  (Id. ¶ 27.)  The Deputy Defendants allowed Plaintiff's wife to take Plaintiff's son without checking her photo identification.  (Id. ¶ 28.)  Eventually, Plaintiff was released on bail, and the charges against him were subsequently dismissed.  (Id. ¶ 29.)

On December 15, 2020, Plaintiff filed a complaint against Defendants County of San Diego, Deputy Sheriff Chad Fickett, Sergeant Joseph Barry, Deputy Sheriff Alejandro Silva, Deputy Sheriff Michael Cruz, Deputy Sheriff Daniel Gutierrez, and Deputy Sheriff Claudia Valencia, alleging claims for: (1) violation of 42 U.S.C. § 1983, unlawful arrest; (2) violation of 42 U.S.C. § 1983, excessive force; (3) false arrest/false imprisonment; (4) negligence; (5) violation of the Ralph Act, California Civil Code § 51.7; and (6) violation of the Bane Act, California Civil Code § 52.1.  (Doc. No. 1, Compl.)  In the complaint, Plaintiff asserts all of the causes of action against the Deputy Defendants; but Plaintiff only asserts the four state law causes of action against Defendant County of San Diego.  (See id. ¶¶ 30-73.)  On March 22, 2021, the Court denied Defendant County of San Diego's motion to dismiss the complaint.  (Doc. No. 6.)

By the present motion, Defendants Deputy Fickett and Deputy Gutierrez move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's § 1983 claim for unlawful arrest in violation of the Fourth Amendment of the United States Constitution. (Doc. No. 22-1 at 2, 7.)  The Deputy Defendants do not move to dismiss the other causes of action in Plaintiff's complaint.  (See id.)

///

///

///

**Discussion**

## I.    **Legal Standards for a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted.  See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).  Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant.  See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014).  But, a court need not accept "legal conclusions" as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v.

4

Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice.  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## II.    Analysis

In the complaint, Plaintiff alleges a civil rights claim pursuant to 42 U.S.C. § 1983 for unlawful arrest in violation of the Fourth Amendment of the U.S. Constitution against Defendants Fickett and Guiterrez.  (Doc. No. 1, Compl. ¶¶ 30-34.)  Plaintiff seeks damages for this claim.  (Id. ¶¶ 31-34.)  The Deputy Defendants argue that Plaintiff's claim for unlawful arrest should be dismissed because they are entitled to qualified immunity as to this claim.  (Doc. No. 22-1 at 2, 6-7.)  Specifically, the Deputy Defendants argue that the law is not clearly established regarding the particular unlawful arrest allegations in this case.  (Id.)

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011); accord Chavez v. Robinson, 12 F.4th 978, 995 (9th Cir. 2021).  "[C]ourts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first."  al-Kidd, 563 U.S. at 735; see Shooter v. Arizona, 4 F.4th 955, 961 (9th Cir. 2021) ("We have discretion to address the clearly established prong of the qualified immunity test first." (internal quotation marks omitted)). Here, the Deputy Defendants' motion to dismiss focuses on the second prong of the qualified immunity test.  (See Doc. No. 22-1 at 6-7.)  Thus, the Court's analysis of the Deputy Defendants' assertion of qualified immunity will begin with the "clearly established" prong.

"A government official 'violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" <u>Shooter</u>, 4 F.4th at 961 (quoting <u>al-Kidd</u>, 563 U.S. at 741). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent.  The rule must be 'settled law,' which means it is dictated by 'controlling authority' or 'a robust "consensus of cases of persuasive authority."'" <u>D.C. v. Wesby</u>, 138 S. Ct. 577, 589–90 (2018) (citations omitted).  "When a rule is merely 'suggested' by precedent it is not clearly established." <u>DePaul Indus. v. Miller</u>, 14 F.4th 1021, 1026 (9th Cir. 2021) (quoting <u>Wesby</u>, 138 S. Ct. at 590).  "Rather, '[t]he precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that every reasonable official would know.'" <u>Id.</u> (quoting <u>Wesby</u>, 138 S. Ct. at 590).  Further, a court "must not 'define clearly established law at a high level of generality,' but instead 'the clearly established law must be "particularized" to the facts of the case.'" <u>Chavez</u>, 12 F.4th at 995.

The Supreme Court has "stressed that the 'specificity' of the rule is 'especially important in the Fourth Amendment context.'" <u>Wesby</u>, 138 S. Ct. at 590 (quoting <u>Mullenix v. Luna</u>, 577 U.S. 7, 12 (2015)).  "Given its imprecise nature, officers will often find it difficult to know how the general standard of probable cause applies in 'the precise situation encountered.'" <u>Id.</u> (quoting <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1866 (2017)). "Thus, [the Supreme Court] ha[s] stressed the need to 'identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.'" <u>Id.</u> (quoting <u>White v. Pauly</u>, 137 S. Ct. 548, 552 (2017)). "While there does not have to be "a case directly on point," existing precedent must place the lawfulness of the particular arrest "beyond debate."  <u>Id.</u> (quoting <u>al-Kidd</u>, 563 U.S. at 741); <u>see</u> <u>Chavez</u>, 12 F.4th at 995.  "'The plaintiff bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct.'"  <u>Shooter</u>, 4 F.4th at 961 (quoting <u>Romero v. Kitsap Cty.</u>, 931 F.2d 624, 627 (9th Cir. 1991)).

The Deputy Defendants argue that they are entitled to qualified immunity as to Plaintiff's § 1983 unlawful arrest claim because there is no clearly established law showing that the Deputy Defendants lacked probable cause to arrest Plaintiff for violation of California Penal Code § 148(a)(1) under facts alleged in the complaint.  (Doc. No. 22-1 at 6-7.)  California Penal Code § 148 prohibits willfully resisting, delaying, or obstructing an officer in the discharge or attempt to discharge any duty of his office or employment.  Cal. Penal Code § 148(a)(1).  The elements of the crime are: "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties."  Yount v. City of Sacramento, 43 Cal. 4th 885, 895 (2008) (internal quotation marks omitted).  Although "Section 148 is most often applied to the physical acts of a defendant," it "'is not limited to nonverbal conduct involving flight or forcible interference with an officer's activities.'"  In re Muhammed C., 95 Cal. App. 4th 1325, 1329 (2002).  Nevertheless, Section 148 "must be applied with great caution to speech."  People v. Quiroga, 16 Cal. App. 4th 961, 968 (1993); see also Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159, 1174 (9th Cir. 2013) ("[S]ection 148 does not allow [police] 'to use the awesome power which they possess to punish individuals for conduct that is not only lawful, but which is protected by the First Amendment.'" (quoting Muhammed C., 95 Cal. App. 4th at 1330–31)).

In the complaint, Plaintiff alleges the Deputy Defendants detained his son.  (Doc. No. 1 Compl. ¶¶ 15-16.)  Plaintiff further alleges that when he arrived to pick up his son, he could hear officers questioning his son, and Plaintiff then told his son that he did not need to answer any questions.  (Id. ¶¶ 18-19.)  Plaintiff alleges that upon telling this to his son and informing him of his rights, the Deputy Defendants told Plaintiff that he was under arrest for interfering with officers and to place his hands behind his back.  (Id. ¶ 20.)

As the claimant, Plaintiff "'bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct.'"  Shooter, 4 F.4th at 961.

Plaintiff has failed to satisfy this burden of proof.  In an effort to satisfy his burden, Plaintiff primarily relies on Morin v. Ramos, No. CV 05-4017 JVS (FFM), 2007 WL 1696113 (C.D. Cal. June 8, 2007).  (Doc. No. 24 at 7.)  But Morin is a single district court opinion.  This is insufficient to create a clearly established right.  See Marsh v. Cty. of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) ("[T]he opinions by a federal district court and an intermediate state court are insufficient to create a clearly established right."); see, e.g., Wilson v. Layne, 526 U.S. 603, 616 (1999) (finding no clearly established law where the only cases cited were a state intermediate court decision and two unpublished district court decisions); see also Wesby, 138 S. Ct. at 589–90 (explain that for the rule to be "clearly established," it must be "dictated by 'controlling authority' or 'a robust "consensus of cases of persuasive authority"'").  In addition, the Court notes that in Morin, the district court found that the officer defendants at issue were entitled to qualified immunity as to the plaintiff's unlawful arrest claim.  See 2007 WL 1696113, at *7-8.

Plaintiff also relies on People v. Quiroga, 16 Cal. App. 4th 961 (1993), and Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159 (9th Cir. 2013).  (Doc. No. 24 at 7.)  In Quiroga, the California Court of Appeal stated that Section 148 "must be applied with great caution to speech."  16 Cal. App. 4th at 968.  In Johnson, the Ninth Circuit stated: "[S]ection 148 does not allow [police] 'to use the awesome power which they possess to punish individuals for conduct that is not only lawful, but which is protected by the First Amendment.'"  724 F.3d at 1174.  But both of these passages from Quiroga and Johnson merely describe the law regarding Section 148 at a high level of generality and are not particularized to the facts of the case.  This is insufficient to create a clearly established right.  See Chavez, 12 F.4th at 995 (explaining that a clearly established law should not be defined "'at a high level of generality,' but instead 'the clearly established law must be "particularized" to the facts of the case'"); Shooter, 4 F.4th at 962 (same); see also, e.g., Bennett-Martin v. Plasencia, 804 F. App'x 560, 561–62 (9th Cir. 2020) (finding Quiroga insufficient to create a clearly establish right).

In sum, Plaintiff has failed to meet his burden of proving that the right allegedly

violated was clearly established at the time of the alleged misconduct with respect to his § 1983 claim for unlawful arrest.  As such, the Deputy Defendants are entitled to qualified immunity as to Plaintiff's § 1983 claim for unlawful arrest.

Plaintiff requests that in the event the Court finds that the complaint lacks adequate facts to survive a motion to dismiss, he should be granted leave to amend his complaint. (Doc. No. 24 at 9.)  But, here, in granting the Deputy Defendants' motion to dismiss, the Court is not concluding that the complaint alleges insufficient facts.  Rather, the Court concludes that Plaintiff has failed to meet his burden of proving that the right allegedly violated was clearly established at the time of the alleged misconduct.  "Whether a constitutional right is clearly established is purely a question of law for the court to decide." Gordon v. Cty. of Orange, 6 F.4th 961, 968 (9th Cir. 2021).  Thus, because Plaintiff has failed to meet his burden as to a pure question of law, it is not a deficiency that can be cured by amendment of the complaint.  As such, the Court declines to grant Plaintiff leave to amend the complaint as to his § 1983 unlawful arrest claim.

## Conclusion

For the reasons above, the Court grants Defendants Fickett and Guiterrez's partial motion to dismiss.  The Court dismisses with prejudice Plaintiff's § 1983 claim for unlawful arrest as barred by qualified immunity.  The action will proceed on Plaintiff's remaining claims.

**IT IS SO ORDERED.**

DATED: November 29, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT