UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE M. YOUNG,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-02441-H-AHG<br><br>**ORDER DENYING JOINT MOTION TO VACATE MANDATORY SETTLEMENT CONFERENCE AND ALL PRETRIAL DEADLINES**<br><br>**[ECF No. 35]** |

Before the Court is the parties' joint motion vacate the upcoming Mandatory Settlement Conference ("MSC") and pretrial deadlines. ECF No. 35. Because Defendants' motion for partial summary judgment (ECF No. 30) is pending, the parties seek to postpone the May 6 MSC and all other case management deadlines. ECF No. 35 at 2.

1

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 14 at 5 (Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties request that the MSC be continued from the current date of May 6, 2022, because the Court has not yet ruled on Defendants' pending motion for partial summary judgment. ECF No. 35 (referring to ECF No. 30). The parties believe the MSC will not be fruitful until the Court has issued its ruling on that motion. ECF No. 35 at 2 ("having a settlement conference prior to the ruling on the motion would be inefficient and make settlement discussions less useful"). Similarly, the parties contend that "[i]t would be a waste of resources for the parties to complete the pretrial work as well as a waste of the Court's resources to go forward with the upcoming pretrial conference if portions of the case are disposed of through Summary Judgment." *Id*. Thus, the parties seek to vacate or reset all remaining dates and deadlines in the Scheduling Order (ECF No. 14). ECF No. 35 at 3.

/ /
/ /

Regarding the upcoming MSC, the deficient[1] Joint Motion (ECF No. 35) is **DENIED**. The purpose of the MSC is to attempt to help the parties reach a settlement that represents a compromise before the parties know whether those claims have been resolved on summary judgment. In the Court's experience, compromise is best reached in an atmosphere of uncertainty regarding the outcome of the case. Accordingly, the MSC will move forward on May 6, 2022. All dates, deadlines, and requirements set forth in the Court's order modifying the MSC to take place via videoconference (*see* ECF No. 33 at 4, 5 n.5) remain in place.

Regarding the remaining pretrial conference deadlines, the Joint Motion is **DENIED without prejudice**. Accordingly, all dates, deadlines, and requirements set forth in the Court's Scheduling Order (ECF No. 14) remain in place. The parties may file a renewed joint motion for continuance **no earlier than May 9, 2022**. Any future motion for continuance must outline the reasons why each deadline cannot be met and show that the parties have been diligent.

**IT IS SO ORDERED**.

Dated: April 20, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] *Compare* Chmb.R. at 2 (Chambers Rules, requiring that "all requests for continuances must be made by a joint motion no less than seven calendar days before the affected date") (emphasis added) *with* ECF No. 35 (instant motion, filed two days before the pre-MSC meet and confer deadline). *Compare* Chmb.R. at 3 (Chambers Rules, requiring that all requests for continuances include "a declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met") (emphasis added) *with* ECF No. 35 (instant motion, with no declaration).